IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAE S.,[1]

          Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

No. 3:20-cv-01637-HZ

OPINION & ORDER

Kevin Kerr
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Renata Gowie
Civil Division Chief
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Sarah L. Martin
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Mae S. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

    Plaintiff applied for DIB and SSI on March 2, 2015, alleging an onset date of January 30, 2007. Tr. 172.[2] Plaintiff's date last insured ("DLI") is March 31, 2010. Tr. 16. Her application was denied initially and on reconsideration. Tr. 172.

    On June 28, 2017, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 56. On October 10, 2017, the ALJ found Plaintiff not disabled. Tr. 181. The Appeals Council vacated the decision and remanded the case for further proceedings. Tr. 190–91.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

2 – OPINION & ORDER

On April 4, 2019, Plaintiff appeared with counsel for a second hearing before a different ALJ. Tr. 33. On June 5, 2019, the second ALJ issued an unfavorable decision. Tr. 10. On July 7, 2020, the Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on anxiety, panic attacks, heart palpitations, fainting, hand pain, shoulder pain, bone and joint pain, and sleeping problems due to pain. Tr. 361. At the time of the alleged onset date, she was 48 years old. Tr. 94. Plaintiff is a refugee from Laos, and she obtained basic schooling in a refugee camp in Thailand. Tr. 94, 675, 676. Plaintiff does not speak or understand English. Tr. 360. She has past relevant work experience as an "assembler" and "cashier II/gas attendant." Tr. 25.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."

*Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

Plaintiff challenges the second ALJ decision. *See* Pl. Br. 6. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 16. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "degenerative joint disease of the left shoulder, osteoarthritis of the spine, lumbago, and osteoarthritis of the right hand." Tr. 16. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr.

18. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [T]he claimant can lift/carry/push/pull 10 pounds frequently and 20 pounds occasionally. The claimant can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours. The claimant cannot climb ropes, ladders, or scaffolds. The claimant can frequently stoop, kneel, and climb ramps and stairs. The claimant can occasionally crouch and crawl. The claimant can frequently reach, handle, and finger. The claimant can never be exposed to unprotected heights, moving mechanical parts or operating a motor vehicle. The claimant is limited to simple, routine, and repetitive tasks and simple work-related decisions.

Tr. 18. Despite these limitations, the ALJ concluded that Plaintiff could perform her past relevant work as a "cashier II/gas attendant" as it was actually performed. Tr. 25. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 25.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff presents one issue on appeal: whether the ALJ improperly found that Plaintiff could return to her past relevant work as a "cashier II/gas attendant." Pl. Br. 8. Plaintiff argues that the ALJ erred in making this finding because the composite job identified requires a reasoning level of 3, but the ALJ's RFC limited Plaintiff to "simple, routine, and repetitive tasks and simple work-related decisions." *Id.* The Commissioner responds by arguing that reasoning level is not relevant to the ALJ's finding as to whether an individual can perform their past relevant work at Step Four. Def. Br. 3. Specifically, the Commissioner argues that reasoning level is relevant to the vocational factor of "education," and is therefore not considered at Step Four under 20 C.F.R. §§ 404.1560(b)(3), 416.1560(b)(3). *Id.* ("We will not consider . . . vocational factors of age, education, and work experience" in determining whether a claimant can do their past relevant work). This Court agrees with Plaintiff.

At step four, the ALJ determines whether the claimant can perform past relevant work given their RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work as it was actually performed *or* as it is generally performed in the national economy, the claimant is not-disabled within the meaning of the Act, thus concluding the sequential evaluation process. *See, e.g.*, *Tommasetti,* 533 F.3d at 1042–43; SSR 82-61, 1982 WL 31387. The ALJ may use two different sources of information to define how a claimant's past relevant work is actually performed: "a properly completed vocational report . . . and the claimant's own testimony." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing SSR 82-61, SSR 82-41).

Social Security Regulations provide that the Dictionary of Occupational Titles ("DOT") is used at Step Four in determining whether an individual can perform their past relevant work. 20 CFR § 404.1560(b)(2). SSR 00-4p also provides that the DOT is the primary source of

6 – OPINION & ORDER

information about work requirements at Step Four. 2000 WL 1898704, at *2 (Dec. 4, 2000) ("In making disability determinations, we rely primarily on the DOT[.]"). The Ninth Circuit has interpreted SSR 00-4p as "explicitly requiring that the ALJ determine whether the expert's testimony deviates from the *Dictionary of Occupational Titles* and whether there is a reasonable explanation for any deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

The Commissioner's argument that the DOT's General Education Development ("GED") reasoning level is merely a reflection of the vocational factor of education is without merit. The GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, App. C, 1991 WL 688702. DOT reasoning level does not merely correspond to education level but reflects the mental ability required to perform a particular job. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2014) (rejecting the Commissioner's argument that "the DOT's reasoning levels correspond *only* to a person's level of education" and finding that "the DOT's reasoning levels clearly correspond to the claimant's *ability*").

At least a couple district courts have expressly concluded that GED reasoning level is an appropriate consideration at Step Four. *See Hughey v. Colvin*, No. CV-16-01566-PHX-DLR, 2017 WL 406127, at *4 (D. Ariz. Jan. 31. 2017) ("Reference to the DOT, including its GED vocational component, is entirely appropriate in determining whether a claimant can perform a particular job" at Step Four.); *Lopez v. Colvin*, No. CV 14-320 CG, 2015 WL 13662594, at *6 (D.N.M. June 11, 2015) (finding that an ALJ erred in failing to resolve an inconsistency between the plaintiff's RFC and the level-three reasoning required by her past relevant work at Step Four). And others have rejected the Commissioner's argument in reaching the more general conclusion that reasoning level is not merely a reflection of education level and finding "GED's

reasoning level does pertain to the work requirements of a job and is relevant where an ALJ limits a Plaintiff to performance of a simple task." *Simms v. Astrue*, 599 F. Supp. 2d 988, 1008 (N.D. Ind. 2009) (citing cases and rejecting the Commissioner's argument that "it is inappropriate to compare RFC mental limitations to GED levels of reasoning under the DOT because GED relates to the vocational factor of education, rather than the mental demands of a job (which must be compared to the RFC")); *see also Grimes v. Astrue*, No. EDCV 09-2208-JEM, 2011 WL 164537, at *4–5 (C.D. Cal. Jan. 18, 2011) (rejecting the Commissioner's argument that the DOT reasoning levels are "part of the education required by the job and not related to the mental ability required by the job but to its skill level"); *Mansoory v. Astrue*, No. 308-CV-72-J-TEM, 2009 WL 804645, at *10 (M.D. Fla. Mar. 26, 2009) (rejecting the Commissioner's argument that GED levels relate to the vocational factor of education and finding that "GED reasoning levels do indeed pertain to the work requirements of a job, and are relevant where an ALJ limits a plaintiff to performance of simple tasks"). Thus, the Court finds that GED reasoning level—which reflects the mental demands of a job as described by the DOT—should be considered in determining whether a plaintiff can perform their past relevant work at Step Four of the sequential analysis.

      Here, the ALJ limited Plaintiff to the performance of "simple, routine, and repetitive tasks and simple work-related decisions" but did not consider the reasoning level of Plaintiff's past relevant work. Tr. 18. Although the ALJ concluded that Plaintiff could do her past relevant work as actually performed, there is no evidence in the record that this job as actually performed required something less than level 3 reasoning abilities. Tr. 42–51 (VE testimony); *see Craine v. Berryhill*, No. ED CV 15-2344-PLA, 2017 WL 1356314, at *5 (C.D. Cal. Apr. 11, 2017) (remanding where "neither the ALJ nor the VE provided any evidence or discussion reflecting

that this occupation as *actually* performed by plaintiff involved something less than reasoning level 2 abilities"). The DOT description for both jobs states that they require a reasoning level of 3, which requires the worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702; *see also* "Cashier II," DOT 211.462-010, 1991 WL 671840; "Gas Attendant," DOT 915.467-010, 1991 WL 687864. And the parties do not dispute that under *Zavalin* there is an inconsistency between the composite job identified and the RFC's limitation to "simple routine and repetitive tasks and simple work-related decisions." *Zavalin*, 778 F.3d at 847 (holding "there is an apparent conflict between the functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning"). Because the ALJ failed to resolve the inconsistency between the mental demands of the composite job identified and the RFC limitation to simple tasks and work-related decisions, the ALJ erred. Accordingly, this case must be remanded for additional proceedings.[3]

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED: April 9, 2022.

*Marco Hernandez*
_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[3] The parties do not dispute that the proper outcome in this case is a remand for further proceedings. *See* Def. Br. 5–6; Pl. Reply 2–3.